*LNE*
*KEG:* USAO# 2026R00093

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | |
| | * | |
| v. | * | CRIMINAL NO. MJM-26-160 |
| | * | |
| JAMES DANCY, | * | (Possession of Firearm and |
| | * | Ammunition by a Prohibited Person, |
| Defendant. | * | 18 U.S.C. § 922(g)(1); Forfeiture, 18 |
| | * | U.S.C. § 924(d), 21 U.S.C. § 853(p), |
| | * | and 28 U.S.C. § 2461(c)) |
| | * | |

****

## INDICTMENT

## COUNT ONE
**(Possession of a Firearm and Ammunition by a Prohibited Person)**

The Grand Jury for the District of Maryland charges that:

On or about January 11, 2026, in the District of Maryland, the Defendant,

## JAMES DANCY,

knowing he had previously been convicted of a crime punishable by imprisonment for a term exceeding one year, knowingly possessed a firearm and ammunition, to wit, a Ruger LCP .380 semi-automatic pistol bearing serial number 380687987; and five (5) rounds of .380 caliber ammunition, and the firearm and ammunition were in and affecting commerce.

18 U.S.C. § 922(g)(1)

1

## FORFEITURE ALLEGATION

The Grand Jury for the District of Maryland further finds that:

1.      Pursuant to Fed. R. Crim. P. 32.2, notice is hereby given to the Defendant that the United States will seek forfeiture as part of any sentence in accordance with 18 U.S.C. § 924(d), 21 U.S.C. § 853(p), and 28 U.S.C. § 2461(c), in the event of the Defendant's conviction under Count One of this Indictment.

### Firearm and Ammunition Forfeiture

2.      Upon conviction of the offense alleged in Count One of this Indictment, the Defendant,

### JAMES DANCY,

shall forfeit to the United States, pursuant to 18 U.S.C. § 924(d) and 28 U.S.C. § 2461(c), any firearms and ammunition involved in such offense, including but not limited to:

   a.   a Ruger LCP .380 semi-automatic pistol bearing serial number 380687987; and

   b.   approximately five (5) rounds of .380 caliber ammunition loaded therein.

### Substitute Assets

3.      If, as a result of any act or omission of the Defendant, any of the property described above as being subject to forfeiture:

   a.   cannot be located upon the exercise of due diligence;

   b.   has been transferred or sold to, or deposited with, a third person;

   c.   has been placed beyond the jurisdiction of the Court;

   d.   has been substantially diminished in value; or

2

e.  has been commingled with other property which cannot be divided

without difficulty,

the United States shall be entitled to forfeiture of substitute property up to the value of the

forfeitable property described above pursuant to 21 U.S.C. § 853(p), as incorporated by 28 U.S.C.

§ 2461(c).

18 U.S.C. § 924(d)
21 U.S.C. § 853(p)
28 U.S.C. § 2461(c)

Kelly O. Hayes
United States Attorney

A TRUE BILL:

**SIGNATURE REDACTED**

5/6/26
Date

3